**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES DIORIO,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA LAMBERG, LAMB FINANCIAL GROUP, JOHN DOES 1-10, ABC CORPORATIONS 1-10,,<br><br>    Defendants. | Civil Action No. 18-10395 (MCA) (JAD)<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR REMAND** |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1447(c). (ECF No. 5). The Hon. Madeline Cox Arleo, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument on Plaintiff's application. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiff's motion be **GRANTED**, and that the District Court remand this case to the Superior Court of New Jersey.

## I.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 2, 2017, Plaintiff James DiOrio filed a Complaint against Cornell Insurance Services, LLC ("Cornell") and Ephraim Morris in the Superior Court of Jersey (the "Cornell Action"). (Decl. of Samuel J. Samaro, Esq. ("Samaro Decl."), ¶ 2, Ex. A). Plaintiff alleged that he interviewed for a position at Cornell while employed with Lamb Financial Group. (Samaro Decl., Ex. A ¶¶ 5-6, ECF No. 5-4). Plaintiff further alleged that Cornell ultimately declined to hire

Plaintiff, and that Mr. Morris, Cornell's Chief Operation Officer, advised Joshua Lamberg, the owner of Lamb Financial Group, of Plaintiff's interview. (Id. ¶¶ 8-10). Lamberg then terminated Plaintiff's employment. (Id. 8). Plaintiff alleged that Mr. Morris acted maliciously when advising Lamberg of Plaintiff's interview, and asserted a claim for tortious interference with prospective economic advantage against both Morris and Cornell. (Id. ¶¶ 12-13).

On May 10, 2018, Plaintiff commenced the above-captioned matter in the Superior Court of New Jersey (the "Lamb Action"), asserting claims against Joshua Lamberg and Lamb Financial Group related to Plaintiff's job interview with Cornell and Defendants' alleged failure to properly respond to a subpoena in the Cornell Action. (Notice of Removal, ¶ 1, Ex. A ECF No. 1). On May 16, 2018, Plaintiff filed a motion to consolidate the Lamb Action with the Cornell Action, given the relationship between the two cases. (Samaro Decl. ¶ 9). By Order dated June 8, 2018, the Hon. Jamie D. Happas, J.S.C., granted Plaintiff's motion, and consolidated the Lamb Action into the Cornell matter. (Id. ¶ 11, Exs. F, G). The Superior Court of New Jersey posted that Order on its electronic docket on June 11, 2018. (Id. ¶ 12, Ex. F).

On June 11, 2018, Defendants removed the Lamb Action to the United States District Court on diversity grounds, contending that Plaintiff is a citizen of New Jersey, that both Defendants are citizens of New York, and that the amount in controversy exceeds $75,000.00. (See generally Notice of Removal, ECF No. 1). Plaintiff moved to remand the case back to the Superior Court of New Jersey on June 28, 2018. (ECF No. 5). That motion is now fully briefed, (ECF Nos. 8, 10), and ripe for resolution.

## II.   LEGAL DISCUSSION

"Under 28 U.S.C. § 1441(a), defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." A.S. v. SmithKline Beecham Corp., 769 F.3d 204, 208 (3d Cir. 2014). The United States District Court has original subject matter jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). This is known as "diversity jurisdiction." An action can be removed on the basis of diversity jurisdiction only "if there is a complete diversity between all named plaintiffs and defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). This "complete diversity" requirement prohibits removal if a plaintiff and any defendant are citizens of the same state. Kaufman v. Allstate N.J. Insur. Co., 561 F.3d 144, 148 (3d Cir. 2009). The District Court also has original subject matter jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This is commonly known as "federal question jurisdiction." A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-8 (1983). In certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues or "turn on substantial questions of federal law." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). Federal question jurisdiction exists over state law claims when "the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 308.

Plaintiff has moved to remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c). That statute provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court remains mindful that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand'", Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987)), and that the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Id. (citing Steel Valley, 809 F.3d at 1010, 1012, n. 6).

Here, Plaintiff argues, primarily, that because the Hon. Jamie Happas, J.S.C. consolidated the Lamb Action into the Cornell Action prior to removal, and because both Plaintiff and Ephraim Morris are citizens of New Jersey, the District Court must remand this case to the Superior Court for lack of subject matter jurisdiction. (See generally, Pl. Br., ECF No. 5-2). This Court agrees.

The Hon. Madeline Cox. Arleo, U.S.D.J.'s September 28, 2018 decision in Unifoil Corp. v. Southeast Pers. Leasing, Inc., No. 18-18 (MCA), 2018 U.S. Dist. LEXIS 167685 (D.N.J. Sept. 28, 2018), is instructive. In Unifoil, the Superior Court of New Jersey consolidated two cases: an underlying personal injury action and a related, more recently filed insurance coverage action. Id. at *2. Fifteen days after that consolidation, a defendant removed the insurance coverage case to the United States District Court on diversity grounds. Id. The plaintiff moved to remand, arguing that, regardless of whether complete diversity of citizenship existed between the plaintiff and all defendants in the coverage action, consolidation with the underlying personal injury action unquestionably destroyed diversity. Id. at *3. Magistrate Judge Mannion issued a Report and Recommendation suggesting that the District Court remand the case to the New Jersey Superior

4

Court. Id. at *1. In Her Honor's Order adopting Magistrate Judge Mannion's Report and Recommendation, Judge Arleo observed that while "the Third Circuit has not considered the effect of state-ordered consolidation on federal jurisdiction and removability . . . other federal courts that have addressed this issue have looked to the state law in question." Id. at *5 (internal citations omitted). Judge Arleo determined that "Judge Mannion properly found that in New Jersey, 'actions that are initiated separately and subsequently consolidated become a single action.'" Id. (citation omitted). Judge Arleo also agreed with Judge Mannion's determination that "if treated as a single action for purposes of jurisdiction" the District Court did not have diversity jurisdiction over the consolidated action. Id. Judge Arleo ultimately remanded the case to the Superior Court of New Jersey for lack of subject matter jurisdiction. Id. at *6.

Here, the Superior Court of New Jersey consolidated the Cornell Action and Lamb Action on June 8, 2018. (Samaro Decl. ¶, Ex. G). At that point, the Lamb Action ceased to exist as an independent case. Therefore, when Defendants Lamberg and Lamb Financial removed the case to federal court on June 11, 2018, complete diversity of citizenship did not exist, as both Plaintiff and Defendant Ephraim Morris were New Jersey citizens. (See Samaro Decl., Ex. E ¶¶ 1, 3, ECF No. 5-4). Therefore, the District Court could not have exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1332 at the time Defendants filed their Notice of Removal.

Defendants Lamberg and Lamb Financial argue that they removed the Lamb Action to the United States District Court in advance of consolidation. (Def. Br. at 4-5, ECF No. 8). Specifically, they contend that they filed their Notice of Removal "at 3:50 P.M. on June 11, 2018, fourteen minutes before the state court filed the consolidation order." (Id. at 5) (emphasis in original). In making that argument, Defendants conflate the date Judge Happas signed the Order (June 8) with the date the Clerk of the Superior Court placed the signed Order on the electronic

docket (June 11). Only the former date matters here. The cases were consolidated once Judge Happas signed Her Honor's Order on June 8. The fact that the Clerk's Office was not able to docket the Order until the following business day is of no moment. Defendants certainly have not presented the Court with case law suggesting anything to the contrary.

Defendants also argue that the Court should deny Plaintiff's motion to remand because Judge Happas' consolidation order required Plaintiff to serve copies of that order on all counsel within seven days, and Plaintiff failed to do so. (Def. Br. at 6, ECF No. 8). Defendants contend that "[i]t would be patently unfair to allow Plaintiff to succeed on his highly technical argument while benefitting from his failure to follow the Rules and an order of the court." As an initial point, the Court observes that there is nothing "highly technical" about Plaintiff's motion, which is premised on a straightforward lack of subject matter jurisdiction. In any event, Plaintiff's alleged failure to serve the consolidation order has no bearing on this motion. First, that alleged failure does not, in itself, void the consolidation order or otherwise create federal subject matter jurisdiction. Defendants have not cited any authority suggesting either result. (See generally, Def. Br., ECF No. 8). To the extent Plaintiff violated the terms of the consolidation order, Defendants are certainly free, upon remand, to seek appropriate relief from the Superior Court. Second, Plaintiff's alleged inaction could not have influenced Defendants' decision to remove the case to federal court, as Defendants had already filed their Notice of Removal by the time the Superior Court posted the consolidation Order on the electronic docket and sent notices of that filing to counsel of record. (Compare Notice of Electronic Filing for ECF No. 1 (reflecting that Defendants filed their Notice of Removal at 3:50 p.m. on June 11, 2018) with Samaro Decl., Ex. F (reflecting that the Superior Court of New Jersey issued a notice of electronic filing for Judge Happas' consolidation order at 4:04 p.m. on June 11, 2018)).

Simply put, at the time Defendants filed their Notice of Removal, the District Court did not have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.[1] Defendants do not contend that "federal question" subject matter jurisdiction might be appropriate in this case pursuant to 28 U.S.C. § 1331, and a review of Plaintiff's Complaint confirms that it would not. This Court therefore respectfully recommends that the District Court remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[2]

### III. **CONCLUSION**

Based upon the foregoing, this Court respectfully recommends that the District Court **GRANT** Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Middlesex County vicinage. (ECF No. 5). The telephone status conference scheduled for November 15, 2018 is hereby adjourned without date.

_____  11/7/18
JOSEPH A. DICKSON, U.S.M.J.

cc.   Honorable Madeline Cox Arelo, U.S.D.J.

---

[1] The Court is not suggesting that Defendants' removal was frivolous. Indeed, the record suggests that Defendants were unaware of Judge Happas's consolidation order at the time they filed their Notice of Removal.

[2] As the Court finds that remand is necessary given the lack of federal subject matter jurisdiction, the Court need not consider Plaintiff's abstention argument. (See Pl. Br. at 6-7, ECF No. 5-2).

7